UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZAYNAB B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C20-197-BAT <br><br> **ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding her not disabled. Plaintiff contends the ALJ erroneously failed to find bipolar disorder is a severe impairment at step-two, develop the record, adequately or assess plaintiff's mental limtiations, and properly determine plaintiff's residual functional capacity (RFC).

Plaintiff also contends the ALJ who conducted the hearing was not constitutionally appointed. As relief, plaintiff requests the case be remanded under sentence four of 42 U.S.C. § (g) for further administrative proceedings, and that the Court should further order that a different ALJ be directed to preside over the case. Dkt. 21. At 1. For the reasons below, the Court **REVERSES** the Commissioner's final deision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

The Court rejects plaintiff's arguments the ALJ erred at step two, failed to develop the record and failed to include all mental limitations in the RFC determination. Normally the Court would explain why; however, the Court will remand the case under *Lucia v. S.E.C.*, 138 S.Ct. 2044, 2055 (2018), for a hearing before a different ALJ, and the new ALJ must perform a *de novo* five- step disability analysis. Thus, the Court need not discuss plaintiff's claimed errors further; the Court makes the foregoing ruling solely as a prerequisite to addressing rather than avoiding the constitutional claim under *Lucia*.

Plaintiff contends under *Lucia v. S.E.C.*, *supra*, the ALJ herein was not "validly appointed pursuant to the requirements set forth in the appointments clause of the U.S. Consitution, at the time he conducted the hearings in this case, and that this constitutional violation need not be exhausted, i.e., the violation is not waived by plaintiff's failure to present the issue in the proceedings below." The Commissioner argues plaintiff waived the claim because she failed to raise it in the administrative process.

The Court agrees with plaintiff the case should be remanded for further proceedings under *Lucia v. S.E.C.* The Court need not explicate why because on November 9, 2020, the United States Supreme Court granted certiorari on the question of whether a claimant seeking disability benefits under the Social Security Act forfeits an Appointments Clause challenge to the appointment of an administrative law judge by failing to present that challenge during administrative proceedings. *Carr v. Saul*, 2020 WL 6551771 (U.S. Nov. 9, 2020) (No. 19-1442) consolidated with *Davis v. Saul*, 2020 WL 6551772 (U.S. Nov. 9, 2020) (No. 20-105). The Supreme Court will answer the question raised in this case, and either uphold this Court's *Luica* determination, or reverse it, regardless of this Court's analysis or rationale.

Because the Court orders the case be remanded for further proceedings, the Court notes under *Lucia v. S.E.C.*, at 2055, the Supreme Court held the appropriate remedy for an adjudication tainted with an appointsments violation is a new hearing before a properly appointed judge, **and** the judge presiding over the new hearing cannot be the judge who presided over the tainted adjudication.

## CONCLUSION

The Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Court orders on remand the case will be resolved by a properly appointed judge, **and** the judge presiding over the new hearing cannot be the judge who presided over the hearing in the prior proceeding in this case. On remand, the new ALJ shall conduct a *de novo* hearing on all issues utlitizing the five-step disability determination process because the prior decision and its findings cannot be relied upon due to the constitutional violation reconized in *Lucia*.

DATED this 16th day of November, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge